IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF OKLAHOMA

MONA SIMPSON, individually         )
and as Special Administrator of    )
the Estate of Cassandra Baldwin,   )
                                   )
              Plaintiff,            )
                                   )
v.                                 )       Case No. CIV-17-644-R
                                   )
DEWEY COUNTY BOARD OF              )
COMMISSIONERS; SHERIFF             )
CLAY SANDER, Sheriff of Dewey      )
County, in his official capacity, and )
CINDY ROGERS                       )
                                   )
              Defendants.          )

## ORDER

Defendants Dewey County Board of Commissioners and Sheriff Clay Sander, in his official capacity, filed a Motion to Dismiss (Doc. No. 9) seeking dismissal of the claims set forth by Plaintiff in the First Amended Complaint. Plaintiff responded in opposition to the motion. Having considered the parties' submissions, the Court finds that Plaintiff has failed to state a claim for relief under 42 U.S.C. § 1983, and that this federal claim, which forms the basis of this Court's subject matter jurisdiction, should therefore be dismissed. Furthermore, pursuant to 28 U.S.C. § 1367, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

Under rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after

taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). The sufficiency of a complaint is a question of law, and when considering and addressing a rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006); *Hous. Auth. of Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991).

A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. *See Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011) (stating that the "plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully"). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555 (citation omitted).

Cassandra Baldwin was killed by her ex-husband on January 6, 2016, in Dewey County, Oklahoma. According to the Amended Complaint, on that night Ms. Baldwin called the Dewey County Emergency Center by dialing 911, because she was in fear of her

life. The 911 call was answered by Defendant Cindy Rogers, an employee of Dewey County, at 0359 hours. Mrs. Baldwin was screaming and crying, telephone buttons were pushed, and the phone disconnected. Rogers attempted to call the number back, but no one answered her call. Rogers did not dispatch officers. Plaintiff alleges that prior to this date Dewey County Emergency Services had responded to a domestic violence situation at Cassandra Baldwin's home involving Lanne Baldwin, which resulted in a police report. Plaintiff contends that as a result of this prior incident, the County was aware of Cassandara Baldwin's address.

The Amended Complaint further alleges that at 0442 hours, Leesa Baldwin made a call to Dewey County Emergency Services and stated there was an incident involving two people who had been shot, Lanne Baldwin and Cassandra Baldwin. No dispatch was made as a result of Leesa Baldwin's call. At 0451, Leesa Baldwin placed a second telephone call to 911 advising that she had received a telephone call from Lanne Baldwin indicating he had been shot in the face. During this call Leesa Baldwin requested ambulance service, and officers were dispatched and appeared at the scene at 0504 hours. When the Sheriff's deputies entered the home, they found Lanne Baldwin with a large facial wound and Cassandra Baldwin dead. Plaintiff contends that the failure to dispatch officers in response to the first two calls, from Cassandra and Leesa respectively, violated Cassandara Baldwin's due process rights, both procedural and substantive. Doc. No. 7, ¶ 56-57. Plaintiff also seeks relief under state law.

The Fourteenth Amendment's Due Process Clause provides that "no State shall ...

deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. This provision guarantees "more than fair process"; it also covers a "substantive sphere ..., barring certain government actions regardless of the fairness of the procedures used to implement them." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998)(quotations omitted). State actors may be held liable under § 1983 only for their own affirmative acts that violate a plaintiff's due-process rights and not for third parties' acts. *See Robbins v. Oklahoma*, 519 F.3d at 1242, 1251 (10th Cir. 2008)(citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989)). "[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty and property of its citizens against invasion by private actors." *DeShaney*, 489 U.S. at 195. The Due Process Clause is not a guarantee of a minimal level of safety and security. *Id.* at 195. There are, however, two exceptions to this general rule, the special-relationship doctrine and the danger-creation theory. Although Plaintiff believes her Amended Complain includes allegations sufficient to state a claim under one or both of these theories, the Court is convinced otherwise.

A Due Process claim under the special-relationship doctrine is comprised of four elements, the first of which is the existence of a special relationship.

> The existence of the special relationship is the pivotal issue: if none exists, a state cannot be held liable for a person's injuries at the hands of a private third party as opposed to a state actor. "A special relationship exists when the state assumes control over an individual sufficient to trigger an affirmative duty to provide protection to that individual...." *Uhlrig v. Harder*, 64 F.3d 567, 572 (10th Cir. 1995). "Generally, the scope of this relationship has turned on the dependent and involuntary nature of the custodial relationship between the individual and the State." *Schwartz*, 702 F.3d at 580. Plaintiffs must show

4

> that the state has restrained them against their will, because "if there is no custodial relationship there can be no constitutional duty." *DeAnzona*, 222 F.3d at 1234. And the state has a special custodial relationship only with "individuals [who] depend *completely* on the state to satisfy their basic human needs." *Maldonado v. Josey*, 975 F.2d 727, 733 (10th Cir. 1992) (emphasis added).

*Dahn v. Amedei*, --- F.3d ---, 2017 WL 3470142, *5 (10th Cir. 2017). The allegations herein as set forth above clearly lack any indication that the County assumed control over Ms. Baldwin sufficient to trigger a duty of protection. As such, Plaintiff cannot rely on the special relationship exception to the rule announced in *DeShaney*.

The second exception — the danger-creation theory — is equally inapplicable to the facts alleged in the Amended Complaint. Under this theory the County may be liable for an individual's safety "only when 'a state actor affirmatively acts to create, or increases a plaintiff's vulnerability to, or danger from private violence.'" *Robbins*, 519 F.3d at 1251 (quoting *Currier v. Doran*, 242 F.3d 905, 923 (10th Cir. 2001)). *See Estate of B.I.C. v. Gillen*, 702 F.3d 1182, 1187 (10th Cir. 2012)("[S]tate officials can be liable for the acts of private parties where those officials created the very danger that caused the harm."). "The affirmative conduct requirement typically involves conduct imposing an immediate threat of harm, which by its nature has a limited range and duration, and is "directed at a discrete plaintiff rather than the public at large. Inaction by the state is insufficient." *Hernandez v. Ridley*, 734 F.3d 1254, 1259 (10th Cir. 2013) (internal citations and quotations omitted).

Under a danger-creation theory, there is no § 1983 liability absent "an intent to harm" or "an intent to place a person unreasonably at risk of harm." *Uhlrig v. Harder*, 64 F.3d at 573. Furthermore, a plaintiff must allege "sufficient[ ] 'affirmative conduct on the

5

part of the state in placing the plaintiff in danger.'" *Estate of B.I.C.*, 702 F.3d at 1187 (quoting *Gray v. Univ. Colo. Hosp. Auth.*, 672 F.3d 909, 916 (10th Cir. 2012)). To state a prima-facie case, the plaintiff must show that his or her danger-creation claim for due-process violations meets a six-part test: (i) the state and individual actors must have created the danger or increased plaintiff's vulnerability to the danger in some way; (ii) the plaintiff must be a member of a limited and specifically definable group; (iii) the defendant's conduct must put the plaintiff at substantial risk of serious, immediate, and proximate harm; (iv) the risk must be obvious and known; and (v) the defendant must have acted recklessly in conscious disregard of that risk. *See Pena v. Greffet*, 922 F. Supp. 2d 1187, 1227 (D.N.M. 2013)(Browning, J.)(citing *Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.*, 511 F.3d 1114, 1126 (10th Cir. 2008)).

Even accepting all of Plaintiff's factual allegations as true, she has failed to allege that any Defendant, including Defendant Rogers, created the danger that Cassandra Baldwin would be subjected to violence by Lanne Baldwin. Nor does Plaintiff allege facts from which the Court can conclude that Defendant Rogers, the Sheriff or the County increased Cassandra Baldwin's vulnerability to being shot by Lanne Baldwin. "[I]naction by the state in the face of a known danger is not enough to trigger the obligation' unless the State has 'limited in some way the liberty of a citizen to act on his own behalf." *Gray*, 672 F.3d at 916 (internal quotation omitted). Accordingly, Plaintiff has failed to state a § 1983 claim that Cassandra Baldwin's due process rights were violated under a danger-creation theory.

Because Plaintiff fails to state a claim that her constitutional rights were violated, there can be no basis for holding the Board of County Commissioners or Sheriff Clay Sander liable under § 1983. Furthermore, although Defendant Rogers did not join in the instant motion, Plaintiff's claims against her are subject to dismissal on these same grounds. Accordingly, the Court hereby GRANTS the Motion to Dismiss with regard to Count V of the Amended Complaint and *sua sponte* grants dismissal of the claim with regard to Defendant Rogers.[1]

Under 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over a related state law claim if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the federal claim, or (3) the court has dismissed all claims over which it has original jurisdiction. With the dismissal of Plaintiff's due process claims, no other federal claims remain pending. "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d

---

[1] Plaintiff's procedural due process claim fares no better.
> The procedural component of the Due Process Clause does not protect everything that might be described as a "benefit": "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire" and "more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Such entitlements are, " 'of course, ... not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.' " *Paul v. Davis*, 424 U.S. 693, 709, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976) (quoting *Roth*, supra, at 577, 92 S.Ct. 2701*); see also Phillips v. Washington Legal Foundation*, 524 U.S. 156, 164, 118 S.Ct. 1925, 141 L.Ed.2d 174 (1998).

*Town of Castle Rock v. Gonzales,* 545 U.S. 748, 756 (2005). Plaintiff does not contend that any Defendant denied Cassandra Baldwin a benefit to which she was legally entitled without adequate procedural safeguards. *See DeShaney*, 489 U.S. at 1002-03. As such, her procedural due process claim is subject to dismissal as well.

1151, 1156 (10th Cir. 1998)). Counts I, II, III, and IV are hereby DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED** this 29th day of August, 2017.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE